13-0796-cv
Castagna v. Luceno

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand fourteen.

PRESENT:
    DEBRA ANN LIVINGSTON,
    RAYMOND J. LOHIER, JR.,
            *Circuit Judges*,
    SIDNEY H. STEIN,[*]
            *District Judge*.

---

PATRICIA CASTAGNA, NICK SARRACCO,
        *Plaintiffs-Appellants*,

                - v. -                                  No. 13-0796-cv

BILL LUCENO, MAJESTIC KITCHENS, INC.,
        *Defendants-Appellees*.

---

                                E. CHRISTOPHER MURRAY, Ruskin
                                Moscou Faltischek, P.C., Uniondale, N.Y., *for
                                Plaintiffs-Appellants*.

                                COSTANTINO FRAGALE, Mamaroneck,
                                N.Y., *for Defendants-Appellees* (*on submission*).

---

[*] The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is

**AFFIRMED IN PART** and **VACATED AND REMANDED IN PART.**

Plaintiffs-Appellants Patricia Castagna and Nick Sarracco appeal from

the judgment of the United States District Court for the Southern District of

New York entered February 4, 2013, insofar as that judgment made

reviewable on appeal: (1) a February 4, 2013 order (Ramos, *J.*) granting

Defendants-Appellees' motion for summary judgment as to Castagna's sex

discrimination claims; and (2) an April 26, 2011 order (Seibel, *J.*) granting

Defendants-Appellees' motion to dismiss Sarracco's retaliation claims. We

assume the parties' familiarity with the underlying facts, the procedural

history of the case, and the issues on appeal.[1]

**I. CASTAGNA'S SEX DISCRIMINATION CLAIMS**

We review *de novo* the district court's grant of summary judgment on

Castagna's claims that she was subjected to a hostile work environment and

constructively discharged in violation of Title VII of the Civil Rights Act of

1964 and the New York State Human Rights Law ("NYSHRL").[2] *See Redd v.*

*N.Y. State Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012).

**A. Hostile Work Environment. —** Based on the evidence in the record,

a reasonable jury could conclude that Castagna's workplace was "permeated

with discriminatory intimidation, ridicule, and insults, [which were]

sufficiently severe or pervasive to alter the conditions of her employment," *see*

*Petrosino v. Bell Atlantic*, 385 F.3d 210, 223 (2d Cir. 2004) (alteration and

---

[1] We address Castagna's remaining argument on appeal in an opinion filed concurrently with this summary order.

[2] Because claims pursuant to these two statutes "require the same standard of proof," *see Leopold v. Baccarat, Inc.,* 174 F.3d 261, 264 n.1 (2d Cir. 1999), we discuss the substance of Castagna's federal and state discrimination claims interchangeably.

quotation marks omitted), and that a hostile work environment existed because of Castagna's sex, *see Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).

First, "the record, taken in the light most favorable to" Castagna, *see Redd*, 678 F.3d at 169, contains evidence that Luceno directed physical threats at three female employees, including Castagna, on separate occasions, but he never physically threatened men. Under our precedents, such evidence of physical threats is highly probative of the severity of the alleged hostile work environment. *See, e.g.*, *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 550 (2d Cir. 2010) (the district court erred in failing "to take into consideration . . . physical threats"); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 571 (2d Cir. 2000) (the "physically threatening nature" of an employer's actions brought the "case over the line separating merely offensive or boorish conduct from actionable" conduct). The lack of any evidence that Luceno physically threatened men — as opposed to women — supports a reasonable inference that Luceno singled out women for physical threats because of their sex. *See Brown*, 257 F.3d at 252.

Second, the record is replete with evidence that Luceno's most extreme outbursts were directed at women. A reasonable jury would be entitled to conclude that such comments — at least in conjunction with the evidence of physical threats — were either "sufficiently severe *or* sufficiently pervasive . . . to have altered [Castagna's] working conditions." *See Redd*, 678 F.3d at 175. Given the gender-explicit content of several of these outbursts, including but not limited to referring to other women as "bitch[es]," the district court erred in concluding that no reasonable jury could find that Castagna was subjected to a hostile work environment because of her sex.

Defendants-Appellees' alternate arguments for affirmance fail. First, any failure by Castagna to mitigate damages would not by itself bar her

recovery of compensatory damages for emotional distress. The authorities that Defendants-Appellees cite stand only for the proposition that a plaintiff may forfeit backpay if she fails to mitigate damages. *See* 42 U.S.C. § 2000e-5(g)(1) (providing that "back pay," but not other forms of relief, shall be "reduce[d]" by "[i]nterim earnings or amounts earnable with reasonable diligence"); *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982) (construing § 2000e-5(g) as creating a duty to mitigate "backpay" damages); *see also Broadnax v. City of New Haven*, 415 F.3d 265, 268 (2d Cir. 2005) (discussing Title VII's "duty to mitigate" in relation only to a "lost wages award"); *Dailey v. Societe Generale*, 108 F.3d 451, 454 (2d Cir. 1997) (noting that the defendant in that case moved to set aside only a "back pay damage award" for plaintiff's alleged failure to mitigate damages).

Second, in light of Castagna's deposition testimony and her production of a form authorizing counsel for Defendants-Appellees to obtain her unemployment file, Defendants-Appellees have not met their "burden to demonstrate that . . . [Castagna] made no reasonable effort to find" suitable work. *See Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998).

Finally, absent any finding by the district court that Castagna acted "with a culpable state of mind" in destroying any relevant evidence, *cf. Byrnie v. Town of Cornwell*, 243 F.3d 93, 109 (2d Cir. 2001), and because "outright dismissal of [a] lawsuit" as a sanction for spoliation "should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions," *see West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 780 (2d Cir. 1999), we decline to impose that sanction in the first instance.

We accordingly vacate the district court's grant of summary judgment on Castagna's hostile work environment claim pursuant to Title VII as to

4

Defendant-Appellee Majestic Kitchens, Inc.,[3] and her parallel claim pursuant to the NYSHRL as to both Defendants-Appellees.

**B. Constructive Termination.** — The district court granted summary judgment for Defendants-Appellees as to Castagna's constructive discharge claims solely on the ground that Castagna failed to establish the lesser standard for a hostile work environment claim. In light of our disposition regarding Castagna's hostile work environment claims, we vacate the dismissal of Castagna's constructive discharge claims and remand for the district court to reconsider those claims in the first instance. *See Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 85 (2d Cir. 2009).

## II. SARRACCO'S RETALIATION CLAIM

We review *de novo* the district court's grant of Defendants-Appellees' motion to dismiss Sarracco's Title VII and NYSHRL retaliation claims. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).

As an initial matter, Sarracco's notice of appeal in this court was timely. *See* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2654 (3d ed. updated 2013) ("Absent a certification under Rule 54(b) any order in a multiple-party . . . action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory.").

In his opening brief on appeal, Sarracco never addressed the specific ground on which the district court dismissed his retaliation claims, namely that his charge filed with the U.S. Equal Employment Opportunity Commission failed to put that entity on notice of the fact that the alleged discrimination was gender-based. Sarracco therefore abandoned any challenge to the district court's dismissal of his retaliation claims. *See JP*

---

[3] On appeal, Castagna does not challenge the district court's dismissal of her Title VII claim against defendant Luceno on the ground that "individuals are not subject to liability under Title VII." *See Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009).

*Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). We accordingly affirm the district court's dismissal of Sarracco's retaliation claims.

**III. CONCLUSION**

We have considered the parties' remaining arguments and conclude that they lack merit. For the foregoing reasons and those explained in the opinion filed concurrently with this order, the judgment of the district court is affirmed in part and vacated and remanded in part. The case is remanded for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK